IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00740-DDD-KAS

LAINEY TERWILLIGER, and
MICHAEL TERWILLIGER,

    Plaintiffs,

v.

RONALD C. ALLEN, and
PRIMA EXPRESS, INC.,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the **Motion to Permit Joinder of Andrew Wakkinen and Teresa Jackson-Wakkinen as Additional Plaintiffs** [#20], filed by non-parties Andrew Wakkinen ("Wakkinen") and Teresa Jackson-Wakkinen ("Jackson-Wakkinen"). Plaintiffs filed a Response [#25] in opposition to the Motion [#20], and Mr. Wakkinen and Ms. Jackson-Wakkinen filed a Reply [#27].

Mr. Wakkinen and Ms. Jackson-Wakkinen filed the present Motion [#20] under Fed. R. Civ. P. 20(a)(1), which provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Plaintiffs' sole argument in their Response [#25] in opposition to the Motion [#20]

concerns whether non-parties like Mr. Wakkinen and Ms. Jackson-Wakkinen have standing to file a motion for joinder under Rule 20.

Mr. Wakkinen and Ms. Jackson-Wakkinen point to *Chestnut v. Samouel*, No. 19-cv-00550-KLM, 2019 WL 3729573 (D. Colo. Aug. 8, 2019), for the proposition that a non-party has standing to file a motion for joinder under Rule 20. *Reply* [#27] at 2. *Chestnut* is distinguishable for several reasons, however. First, no party to the lawsuit was opposed to the motion. 2019 WL 3279573, at *1. Second, no party argued that the non-party did not have standing to file the motion, and so the Court did not address that issue. Third, no party argued that Rule 20 was the incorrect rule under which to seek joinder or that Rule 24 (or any other Federal Rule of Civil Procedure) was the correct rule. Thus, the *Chestnut* decision did not explicitly decide those issues, the issues which are raised in the present Motion [#20].

The Court notes that, even aside from *Chestnut*, the legal authority regarding the scope of Rule 20 is mixed. For example, in *198 Trust Agreement, Dated December 15, 2010 v. CAAMS, LLC*, No. 14-cv-01264-RM-KMT, 2015 WL 1529274, at *6 (D. Colo. Mar. 30, 2015), the Court stated that "Rule 20(a)(1) requires that the non-party . . . move for joinder in the action not the Plaintiff." In *Allegis Investment Advisors v. Certain Underwriters at Lloyd's London*, No. 2:17-cv-01048-JNP-EJF, 2018 WL 4189542, at *7 (D. Utah Aug. 14, 2018), the Court stated that Rule 20(a)(1) "speaks in terms of a third party asserting its right to join a case as a plaintiff[.]" In *Chambers v. Roberts*, No. 13-3195-SAC, 2013 WL 6670521, at *1 (D. Kan. Dec. 18, 2013), the Court said that Rule 20(a)(1) "governs when multiple plaintiffs may bring a joint action[.]" In *Garland v. United States*, No. CV 13-0496 RB/GBW, 2013 WL 12328894, at *2 (D.N.M. Sept. 11, 2013), the

Court stated that this Rule "only allows the plaintiff . . . to join other plaintiffs," not a non-party asking to join the lawsuit.

Rule 24(b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Although legal authority is again sparse, courts which have considered the relationship between Rule 20(a) and Rule 24(b) where a non-party is asking to become a party to a lawsuit have generally held or indirectly indicated that Rule 24 is the more appropriate rule under which to proceed. For example, in *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994), the Seventh Circuit Court of Appeals affirmed the district court's decision not to permit joinder under Rule 20. Although the Circuit affirmed based on the merits, it noted in dicta that "[i]t would seem that the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24." *Thompson*, 33 F.3d at 858 n.10. In *Hunnicutt v. Smith*, No. 18-619 JCH/GBW, 2021 WL 3618315, at *19 (D.N.M. Aug. 16, 2021), the Court held that a non-party could not seek to join a lawsuit as a plaintiff under Rule 20(a)(1) but that the motion could, and should, be construed instead as a motion for permissive intervention under Rule 24.

Considering the foregoing, the Court finds Rule 24(b) is the appropriate rule under which Mr. Wakkinen and Ms. Jackson-Wakkinen must proceed in order to become parties to this lawsuit. As non-parties, they are technically seeking to *intervene* in this lawsuit. Rule 24(b) explicitly applies to non-parties wanting to become parties to a lawsuit. Rule 20(a) is, at most, ambiguous on the issue, as the case law surveyed above illustrates. Thus, the Court construes the Motion [#20] under Rule 24(b) rather than under Rule

20(a)(1). *See Hunnicutt*, 2021 WL 3618315, at *19 (reconstruing a Rule 20(a)(1) motion and analyzing it under Rule 24(b)).

Permissive intervention under Rule 24(b) "requires (1) an independent basis of subject matter jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action." *Lovato v. Banister*, Civ. No. 03-0629 MV/WDS, 2004 WL 7337740, at *2 (D.N.M. May 25, 2004) (citing *United States v. Washington*, 86 F.3d 1499, 1506-07 (9th Cir. 1996); *E.E.O.C. v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P 24(b)(3).

In addition, Rule 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Curiously, despite filing the Motion [#20] explicitly and only under Rule 20(a)(1), Mr. Wakkinen and Ms. Jackson-Wakkinen complied with Rule 24(c) by attaching to their Motion [#20] a pleading in compliance with this rule. *See Compl. & Jury Demand* [#20-2].

As noted, Plaintiffs' sole argument in their Response [#25] to the Motion [#20] concerned the standing of non-parties to file a motion for joinder under Rule 20. They did not argue that Mr. Wakkinen and Ms. Jackson-Wakkinen failed to demonstrate that there was "any question of law or fact common to all plaintiffs" in the action, *see* Fed. R. Civ. P. 20(a)(1)(B), a requirement which is materially identical to Rule 24's requirement that the non-parties have "a claim or defense that shares with the main action a common question of law or fact," *see* Fed. R. Civ. P. 24(b)(1)(B). Indeed, Plaintiffs appear to concede that

4

consolidation of their case with a case filed by Mr. Wakkinen and Ms. Jackson-Wakkinen may be appropriate "for discovery purposes." *Response* [#25] at 1-2. On review, the Court finds that Rule 24(b)(1)(B)'s requirement is met, given that the claims asserted in Plaintiffs' Complaint [#5] and in Mr. Wakkinen and Ms. Jackson-Wakkinen's Complaint [#20-2] all arise from the same truck collision occurring on April 14, 2022, and that Defendants' liability for that accident is a common question of law for both.

Plaintiffs also have not argued that they would incur prejudice by allowing Mr. Wakkinen and Ms. Jackson-Wakkinen to intervene in this action. *See* Fed. R. Civ. P 24(b)(3). In fact, Mr. Wakkinen and Ms. Jackson-Wakkinen reasonably assert that allowing their intervention would actually *benefit* Plaintiffs by reducing attorneys' fees and litigation costs for everyone. Thus, in the absence of any argument to the contrary by Plaintiffs in their Response [#25], the Court finds that intervention would not unduly delay or prejudice the adjudication of Plaintiffs' rights.

Rule 24(b)(1) also requires that a motion seeking permissive joinder to be "timely." *See Lovato*, 2004 WL 7337740, at *2. Again, Plaintiffs have not argued that the Motion [#20] is untimely in their Response [#25]. The Motion [#20] was filed ten days after Defendants filed an Answer [#19] in this lawsuit and before a Scheduling Conference has been held. In the absence of any argument to the contrary, the Court finds that the Motion [#20] is timely.

However, the Court finds that there is a jurisdictional issue which has not been adequately addressed by Mr. Wakkinen and Ms. Jackson-Wakkinen. Fed. R. Civ. P. 8(a)(1) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new

5

jurisdictional support." As a predicate to permissive joinder under Rule 24, Mr. Wakkinen and Ms. Jackson-Wakkinen must demonstrate "an independent basis of subject matter jurisdiction" in their pleading. *Lovato*, 2004 WL 7337740, at *2. They have not done so. Their proffered Complaint [#20-2] does not address jurisdiction at all. Although the Court could make some inferences about jurisdiction from the contents of the Complaint [#20-2], it is litigants' burden to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Accordingly,

IT IS HEREBY **ORDERED** that, **no later than September 5, 2023**, Mr. Wakkinen and Ms. Jackson-Wakkinen shall file either (1) an amended pleading which demonstrates with the requisite particularity grounds for the Court's "independent basis of subject matter jurisdiction" over their claims, or (2) a notice indicating that Mr. Wakkinen and Ms. Jackson-Wakkinen have determined that there is no "independent basis of subject matter jurisdiction" on which to base their Complaint and/or that they have decided to file a separate lawsuit and no longer seek joinder in this one. The Court otherwise takes the Motion [#20] under advisement until that time.

Dated: August 24, 2023         BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge